UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

ORLANDO DELAO, JR.,

Debtor.

Case No. DK 13-06032
Chapter 7
Hon. Scott W. Dales

_____/

MEMORANDUM OF DECISION AND ORDER
REGARDING REAFFIRMATION AGREEMENT

PRESENT:   HONORABLE SCOTT W. DALES
           United States Bankruptcy Judge

On November 13, 2013 in Kalamazoo, Michigan, the court held a hearing on the Debtor's motion to approve a Reaffirmation Agreement with Founders Community Credit Union (the "Motion," DN 21), regarding a 2010 Dodge Ram Sport Truck (the "Truck"). The *pro se* Debtor appeared at the hearing, but Founders Community Credit Union (the "Creditor") did not.

By signing the Reaffirmation Agreement and filing the Motion, the Debtor expressed his intention to remain obligated to make payments on a debt to the Creditor in the amount of $26,661.27 (the "Debt"), secured by the Truck, at the rate of $529.54 per month, for 75 months. These are evidently the original, prepetition terms of the loan.

On Schedule B, the Debtor valued the Truck at $22,186.00 —approximately $4,475.00 less than the Debt.

The Debtor's Schedule J shows that his average monthly expenses exceed his average monthly income by $472.00, taking into account the Truck payment. His reaffirmation coversheet, however, shows an average monthly surplus of $.46 —the price of a postage stamp.

At the hearing, the Debtor answered the court's questions concerning his use of the Truck, his income and expenses, and the availability of alternative transportation. He reported that he owns an older, high mileage vehicle that, without new brakes and a head gasket, is currently inoperable. With respect to his monthly budget, he initially stated during the hearing that his current income exceeds his expenses by approximately $400.00, but he disavowed that statement when the court called his attention to the reaffirmation coversheet showing a much more modest surplus, and his Schedule J, showing a substantial monthly shortfall. He offered no insight into what expenses, if any, he has trimmed from his budget, and in response to the court's specific questions about his expenses, he listed only a few. Based on the Debtor's inconsistent statements and his uncertainty regarding his current budget, specifically his expenses, the court is not satisfied that the Debtor can afford the Truck payment.

Moreover, from Schedule J, it appears that in addition to the $529.54 Truck payment and $175.00 in auto insurance, the Debtor spends $460.00 each month on transportation (likely for fuel). These automobile expenses strike the court as unreasonably high, perhaps due to the nature and size of the Truck and the fuel the Debtor consumes in using it to commute 50 miles each day.

As the court noted during the hearing, reaffirming a debt secured by a vehicle is akin to repurchasing it on the terms set forth in the reaffirmation agreement. If a debtor does not reaffirm the debt, he can leave the car and its unpaid purchase price in his prepetition past. If he reaffirms the debt, he can keep the car for the price set forth on the first page of the agreement, as if he purchased it anew. Viewed in this way, the Debtor's decision to pay the Creditor $4,475.00 more than the Truck is worth is unwise.

The court offered to adjourn the hearing to give the Debtor an opportunity to find less expensive transportation, perhaps by repairing his other vehicle, by negotiating better terms with the Creditor, or purchasing a more affordable car, but the Debtor insisted that the Truck is reliable and he intended to reaffirm the Debt. He asked the court to rule.

Having carefully considered the facts described above, and giving due weight to the Debtor's desire to retain the Truck, the court concludes that the Reaffirmation Agreement, if approved, would impose an undue hardship on the Debtor and his dependents, and is not in their best interests.

Despite the court's refusal to approve the Reaffirmation Agreement, the Debtor may *voluntarily* make payments on the Debt, without obligating himself to make the payments. *See* 11 U.S.C. § 524(f). And, at least until the court enters the discharge, the parties may continue discussing the possibility of reaffirmation, presumably on terms more favorable to the Debtor. To accommodate this possibility, the court will *sua sponte* direct the Clerk to defer entry of the discharge for 45 days from entry of this Order.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Motion (DN 21) is DENIED and the Reaffirmation is NOT APPROVED.

IT IS FURTHER ORDERED that the Clerk shall not enter a discharge in this case for at least 45 days after entry of this Order.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4 upon Mr. Orlando Delao, Jr., Mr. Thomas R. Tibble,

John M. Van Elk, Esq., the United States Trustee, and Ms. Rhonda Campbell at Founders Community Credit Union.

END OF ORDER

**IT IS SO ORDERED.**

**Dated November 14, 2013**



Scott W. Dales
United States Bankruptcy Judge